**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: July 9 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-33816 |
| | ) | |
| William C. Aubiel, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3038 |
| | ) | |
| Louis J. Yoppolo, Trustee, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ken Lee, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF DECISION AND ORDER
### ON MOTION FOR DEFAULT JUDGMENT

This adversary proceeding is before the court on Plaintiff's Complaint for Turnover and Declaratory Relief as to Life Insurance Policy ("Complaint") [Doc. # 1]. Plaintiff is the duly appointed Trustee for the estate of the Debtor in Chapter 7 Case No. 13-33816 pending in this court. The defendants

are Ken Lee, Inc. and Kerry I. Aubiel. On March 31, 2014, the Clerk issued a summons and notice of pre-trial conference [Doc. # 3]. The summons required an answer or other response to the complaint to be filed by April 30, 2014, and scheduled a pretrial conference. On May 13, 2014, the court held the scheduled pre-trial conference. There was no appearance on behalf of the Defendants and no answer or other response to Plaintiff's complaint had been served and filed by Defendants. The Clerk entered Defendant's default [Doc. ## 18, 19] under Fed. R. Civ. P. 55(a), applicable under Fed. R. Bankr. P. 7055.

Plaintiff accordingly filed his motion for default judgment [Doc. # 15]. The court scheduled a hearing on the motion and notice of the hearing was also served on Defendants. [Doc. ## 17, 20]. On July 8, 2014, the court held a hearing on the Motion. There was again no appearance on behalf of the Defendants, and a review of the record shows no answer or other response to either the Complaint or to the motion has been filed by Defendants. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's motion for default judgment will be GRANTED.

The district court has jurisdiction over the underlying Chapter 7 bankruptcy case and all civil proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). Debtor's Chapter 7 case and all proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered on April 4, 2012 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding that this court may hear and determine because it involves recovery of property of the estate arising from a transfer to Defendant. 28 U.S.C. § 157(b)(2)(E).

The court finds that notice of this proceeding, including the service of the summons and original complaint pursuant to Fed. R. Bankr. P. 7004, has validly and properly been served upon Defendants. The return on service of the summons and complaint and the certificate of service attached to the Motion show that they were timely served on Defendants by ordinary and certified United States mail, postage

prepaid, sent to Defendants at Defendants' home or usual place of business. *See* Fed. R. Bankr. P. 7004(b)(8); Ohio Civ. R. 4.2 (f). In further support that service is valid and proper, no mailings by this court to Defendants have been returned as undeliverable. The court thus finds that Defendants have failed to appear, plead, or otherwise defend this action as required by the applicable rules of procedure.

The court finds that the straightforward and well-pleaded factual allegations of the Complaint constitute a valid cause of action against Defendants under 11 U.S.C. § 542. As a result of the default, the court deems all of the well-pleaded allegations of the Complaint as true. In the absence of evidence to the contrary and any affirmative defense, the court finds that Defendants control, and are in possession of, property of the estate, specifically a life insurance policy on the life of Debtor William C. Aubiel. Said property is property which the Trustee may use, sell or lease pursuant to 11 U.S.C. § 363. As set forth in the Complaint [Doc. # 1], Plaintiff has properly pleaded grounds for recovery of the estate property from Defendants.

Additionally, Plaintiff has properly pleaded grounds for declaratory relief. Either of the Defendants may have claimed some right, title or interest in said life insurance policy and/or its proceeds. However, as Defendants have not provided any affirmative defense or evidence to the contrary, the court hereby orders and declares that the title to said policy is found to be in the Bankruptcy Estate of Debtor William C. Aubiel, free and clear of any claim of right, title or interest of the Defendants.

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. # 15] is hereby **GRANTED.** A separate, final judgment against Defendants in accordance with this Memorandum of Decision and Order shall be entered by the Clerk.

**IT IS SO ORDERED.**